UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

Olena Khamis and Zurab Potskhverashvili, individually and on behalf of all others similarly situated,

                               Plaintiffs,

                    vs.

Nationwide Credit Inc.,

                              Defendant.
_____ X

Civil Action No.:

**DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT**

Plaintiff Olena Khamis and Plaintiff Zurab Potskhverashvili, (hereinafter referred to collectively "Plaintiffs"), by and through their attorney, Caelyn T. Canace, complain, state and allege against Defendant Nationwide Credit Inc. (Defendant NCI), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").
2. Plaintiffs are seeking damages and declaratory relief.

## JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).
4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.
5. At all relevant times, Defendant conducted business within the State of New York.
6. Also, venue is also proper in this district under 28 U.S.C. §1391(b) in that both Plaintiffs reside in Kings County, New York.

## PARTIES

7. Plaintiff Olena Khamis is an individual who is citizen of the State of New York residing in Kings County, New York.
8. Plaintiff Zurab Potskhverashvili is an individual who is citizen of the State of New York

residing in Kings County, New York.

9. Plaintiffs, natural persons, allegedly obligated to pay a debt.

10. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) are allegedly obligated to pay some debts.

11. Upon information and belief, Defendant NCI is a Pennsylvania Corporation with a principal place of business in Lehigh County, Pennsylvania.

12. Upon information and belief, Defendant NCI regularly collects or attempts to collect debts asserted to be owed to others.

13. Upon information and belief, Defendant NCI is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. Upon information and belief, the principal purpose of Defendant NCI 's business is the collection of such debts.

15. Upon information and belief, Defendant NCI uses the mail, telephone, and facsimile in its debt collection business.

16. Defendant NCI is a "debt collector" as defined by 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## THE FDCPA

17. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).

18. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices" 15 U.S.C. §§ 1692(b) & (c).

19. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

20. To determine if an act or omission has violated the FDCPA, the Second Circuit applies the "least sophisticated consumer" standard. *Avila v. Reixinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016).

21. The least sophisticated consumer is an objective standard designed to protect "consumers, even the naive and the trusting, against deceptive debt collection practices." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)).

22. Ultimately, whether a communication violates the FDCPA depends upon "whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009)

23. A collection notice can be misleading "if it is open to more than one reasonable interpretation, at least one of which is inaccurate." *Avila*, 817 F.3d at 75 (citing *Clomon*, 988 F.2d at 1319).

24. Also, "a debt collector's written communication to a debtor violates the FDCPA if it is 'reasonably susceptible to an inaccurate reading' of the required message." *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 37-38 (E.D.N.Y. 2009) (quoting *Russell*, 74 F.3d, 30, 34 (2d Cir. 1996)).

25. As such, to satisfy 15 U.S.C. § 1692g(a)(2), a communication must "clearly and effectively convey [the creditor's] role in connection with the debt." *Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013).

26. Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2). *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 U.S. Dist. LEXIS 102695, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

27. Also circumstances of the particular debtor in question have no bearing to the questions of

whether there has been a violation of the FDCPA. See *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 91 (2d Cir. 2008). Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

28. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against the debt collector. *Id.*

29. Finally, it is well-established that for purposes of ruling on a FDCPA claim, debt collection letters should be analyzed as a whole. *Campagna v. Client Servs.*, 2019 U.S. Dist. LEXIS 208164, *13, 2019 WL 6498171. *See Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d, 128, 132 (E.D.N.Y 2007); *see also Eger v. Southwest Credit Sys., L.P.*, No. 17-cv-819, 2019 U.S. Dist. LEXIS 62657, 20191574802, *4 (E.D.N.Y. Apr. 11, 2019).

### ALLEGATIONS

30. Defendant alleges Plaintiff Khamis owes a debt ("the debt").
31. Defendant alleges Plaintiff Potskhverashvili owes multiple debts ("the debts").
32. Plaintiffs' alleged debts were primary for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C §1692a(5).
33. At an exact time known only to Defendant, the alleged debts were assigned or otherwise transferred to Defendant for collection.
34. In its efforts to collect the alleged debt, Defendant NCI contacted Plaintiff Khamis by letter dated August 4, 2020. (A true and accurate copy is annexed hereto as "**Exhibit A**").
35. In its efforts to collect the alleged multiple debts, Defendant NCI contacted Plaintiff Potskhverashvili by three separate letters dated February 5, 2020. (True and accurate copies are annexed hereto as "**Exhibit B**").
36. Defendant's letters to Plaintiffs were the initial communication to each Plaintiff received

from Defendant concerning the alleged debt.

37. Defendant's letters to Plaintiffs are "communication" as defined by 15 U.S.C. § 1692a(2).
38. Defendant's letters to Plaintiffs were received and read by Plaintiffs.
39. Defendant's letters to Plaintiffs identify "JP MORGAN CHASE, N.A." as the "original creditor."
40. The letters fail to identify by name or label any entity as being the "current creditor," "account owner," or "creditor to whom the debt is now owed."
41. Defendant's letters to Plaintiffs direct Plaintiffs to make payments on account of the alleged debt to the Defendant NCI.
42. Defendant's letters to Plaintiffs fail to state what entity, if any, Defendant represents.
43. Defendant's letters to Plaintiffs fail to specify the Defendant's relationship to JP MORGAN CHASE, N.A.
44. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate, and unambiguous validation notice containing certain enumerated information. 15 U.S.C. § 1692g(a) requires identifying the <u>current</u> creditor in the debt collector's "initial communication" about a debt. As set forth herein, Defendants deprived Plaintiffs of this right.
45. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiffs of this right.
46. The deprivation of Plaintiffs' rights will be redressed by a favorable decision herein.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g
## As to PLAINTIFF KHAMIS

47. Plaintiff Khamis repeats and realleges the foregoing paragraphs as if fully restated herein.
48. Defendant's debt collection efforts attempted and/or directed towards Plaintiffs violated various provisions of the FDCPA.
49. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send

the consumer a written notice containing certain enumerated information.

50. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

51. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

52. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly and/or implicitly.

53. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

54. The letter was the initial written communication sent by Defendant to Plaintiff Khamis.

55. The letter sent by Defendant to Plaintiff Khamis identified only an "original creditor."

56. The letter reads as follows:

> Original Creditor: JP MORGAN CHASE BANK, N.A.
> Account Number: xxxxxxxxxxxx2016
> Account Balance: $8,552.04
> Date: 08/04/2020

Then the letter states:

> "your outstanding balance with the above referenced creditor is past due and has been referred to Nationwide Credit, Inc. (NCI) for collection."

57. The letter sent by Defendant to Plaintiff failed to identify the current creditor by name or label.

58. The letter sent by Defendant to Plaintiff failed to indicate who referred the account to Defendant.

59. The letter sent by Defendant to Plaintiff failed to make it clear on whose behalf Defendant is acting.

60. The letter sent by Defendant to Plaintiff failed to make it clear whom Defendant is representing.

61. As a result of Defendant's failure to sufficiently identify the creditor to whom the alleged Debt is owed in the initial letter, the least sophisticated consumer would likely be confused as to the current actual owner of the alleged debt.

62. As a result of Defendant's failure to sufficiently identify the creditor to whom the alleged Debt is owed in the initial letter, the least sophisticated consumer would likely be uncertain

as to the current actual owner of the alleged debt.

63. As a result of Defendant's failure to sufficiently identify the creditor to whom the alleged Debt is owed in the initial letter, would lead a reasonable consumer to believe that something is not true.

64. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692e
## As to PLAINTIFF KHAMIS

65. Plaintiff Khamis repeats and realleges the foregoing paragraphs as if fully restated herein.

66. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from false, deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

67. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

69. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

70. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

71. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

72. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the current creditor of a debt is unfair and deceptive to the least sophisticated consumer.

73. The owner of a debt must be clearly conveyed from the perspective of the least sophisticated consumer.

74. The owner of a debt must be accurately conveyed from the perspective of the least sophisticated consumer.

75. The owner of a debt must be conveyed without ambiguity from the perspective of the least sophisticated consumer.
76. The identity of the owner of a debt is a material piece of information to a consumer.
77. Knowing the identity of the owner of a debt affects how a consumer responds to a debt collector's attempts to collect the debt.
78. The letter failed to identify by name and label any entity as "creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."
79. The letter failed to explicitly state the owner of the alleged debt.
80. The letter failed to clearly state the owner of the alleged debt.
81. The letter provides only, "Original Creditor: JPMORGAN CHASE BANK, N.A."
82. The letter's designation of JPMORGAN CHASE BANK, N.A. as the "original creditor" implies a temporal element.
83. The letter's designation of JPMORGAN CHASE BANK, N.A. as the "original creditor" suggests that JPMORGAN CHASE BANK, N.A. is not the current creditor.
84. The letter's designation of JPMORGAN CHASE BANK, N.A. as the "original creditor" suggests that JPMORGAN CHASE BANK, N.A. is not the creditor to current creditor to whom the alleged debt is presently owed.
85. The letter demands payment be issued to Nationwide Credit, Inc.
86. The letter demands payment be made to Defendant's address.
87. The least sophisticated consumer would be confused as to whether the owner of the alleged Debt is the "original" creditor JPMORGAN CHASE BANK, N.A., the entity to which payment must be made Nationwide Credit, Inc., or some other unnamed entity.
88. The letter could be reasonably be read by the least sophisticated consumer to mean that JPMORGAN CHASE BANK, N.A. is both the "original creditor" and the current creditor of the alleged debt.
89. The letter could be reasonably be read by the least sophisticated consumer to mean that JPMORGAN CHASE BANK, N.A. was the "original creditor," and the current creditor of to whom the alleged debt is now owed is Defendant.
90. The letter could be reasonably be read by the least sophisticated consumer to mean that the creditor to whom the alleged debt is now owed is an entity other that JPMORGAN CHASE BANK, N.A. or Defendant.

91. Because it can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.
92. Because the letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.
93. The least sophisticated consumer would likely be deceived concerning the owner of the debt.
94. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff Khamis therefor.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692g
## As to PLAINTIFF POTSKHVERASHVILI

95. Plaintiff Potskhverashvili repeats and realleges the foregoing paragraphs as if fully restated herein.
96. Defendant's debt collection efforts attempted and/or directed towards Plaintiffs violated various provisions of the FDCPA.
97. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.
98. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).
99. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.
100. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly and/or implicitly.
101. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).
102. The letters were the initial written communication sent by Defendant to Plaintiff Potskhverashvili.

103. The letters sent by Defendant to Plaintiff Potskhverashvili identified only an "original creditor."

104. The letter reads as follows:

> Original Creditor: JP MORGAN CHASE BANK, N.A.
> Account Number: xxxxxxxxxxxx2016
> Account Balance: $8,552.04
> Date: 08/04/2020

Then the letters state:

> "your outstanding balance with the above referenced creditor is past due and has been referred to Nationwide Credit, Inc. (NCI) for collection."

105. The letters sent by Defendant to Plaintiff failed to identify the current creditor by name or label.

106. The letters sent by Defendant to Plaintiff failed to indicate who referred the account to Defendant.

107. The letters sent by Defendant to Plaintiff failed to make it clear on whose behalf Defendant is acting.

108. The letters sent by Defendant to Plaintiff failed to make it clear whom Defendant is representing.

109. As a result of Defendant's failure to sufficiently identify the creditor to whom the alleged Debt is owed in the initial letters, the least sophisticated consumer would likely be confused as to the current actual owner of the alleged debt.

110. As a result of Defendant's failure to sufficiently identify the creditor to whom the alleged Debt is owed in the initial letters, the least sophisticated consumer would likely be uncertain as to the current actual owner of the alleged debt.

111. As a result of Defendant's failure to sufficiently identify the creditor to whom the alleged Debt is owed in the initial letters, would lead a reasonable consumer to believe that something is not true.

112. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

## FOURTH COUNT
## Violations of 15 U.S.C. §§ 1692e
### As to PLAINTIFF POTSKHVERASHVILI

113. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

114. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from false, deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

115. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

116. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

117. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

118. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

119. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

120. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the current creditor of a debt is unfair and deceptive to the least sophisticated consumer.

121. The owner of a debt must be clearly conveyed from the perspective of the least sophisticated consumer.

122. The owner of a debt must be accurately conveyed from the perspective of the least sophisticated consumer.

123. The owner of a debt must be conveyed without ambiguity from the perspective of the least sophisticated consumer.

124. The identity of the owner of a debt is a material piece of information to a consumer.

125. Knowing the identity of the owner of a debt affects how a consumer responds to a debt collector's attempts to collect the debt.

126. The letters failed to identify by name and label any entity as "creditor," "current creditor,"

"account owner," or "creditor to whom the debt is owed."

127. The letters failed to explicitly state the owner of the alleged debt.

128. The letters failed to clearly state the owner of the alleged debt.

129. The letters provides only, "Original Creditor: JPMORGAN CHASE BANK, N.A."

130. The letters' designation of JPMORGAN CHASE BANK, N.A. as the "original creditor" implies a temporal element.

131. The letters' designation of JPMORGAN CHASE BANK, N.A. as the "original creditor" suggests that JPMORGAN CHASE BANK, N.A. is not the current creditor.

132. The letters' designation of JPMORGAN CHASE BANK, N.A. as the "original creditor" suggests that JPMORGAN CHASE BANK, N.A. is not the creditor to current creditor to whom the alleged debt is presently owed.

133. The letters demand payment be issued to Nationwide Credit, Inc.

134. The letters demand payment be made to Defendant's address.

135. The least sophisticated consumer would be confused as to whether the owner of the alleged Debt is the "original" creditor JPMORGAN CHASE BANK, N.A., the entity to which payment must be made Nationwide Credit, Inc., or some other unnamed entity.

136. The letter could be reasonably be read by the least sophisticated consumer to mean that JPMORGAN CHASE BANK, N.A. is both the "original creditor" and the current creditor of the alleged debt.

137. The letter could be reasonably be read by the least sophisticated consumer to mean that JPMORGAN CHASE BANK, N.A. was the "original creditor," and the current creditor of to whom the alleged debt is now owed is Defendant.

138. The letter could be reasonably be read by the least sophisticated consumer to mean that the creditor to whom the alleged debt is now owed is an entity other that JPMORGAN CHASE BANK, N.A. or Defendant.

139. Because it can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

140. Because the letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

141. The least sophisticated consumer would likely be deceived concerning the owner of the debt.
142. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff Potskhverashvili therefor.

## CLASS ALLEGATIONS

143. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.
144. Plaintiff seeks to certify a class of:
    > All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.
145. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.
146. The Class consists of more than thirty-five (35) persons.
147. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.
148. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.
149. Plaintiff will fairly and adequately protect and represent the interests of the Class.

## DEMAND FOR TRIAL BY JURY

150. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Olena Khamis, and Plaintiff, Zurab Potskhverashvili, individually and on behalf of all others similarly situated, demand judgment from Defendant Nationwide Credit Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Caelyn T. Canace, Esq. as Class Counsel;

2. Awarding Plaintiffs and the Class statutory damages;

3. Awarding Plaintiffs and the Class actual damages;

4. Awarding Plaintiffs costs of this action, including reasonable attorneys' fees and expenses; and

5. Awarding Plaintiffs and the Class such other and further relief as this Court may deem just and proper.

Dated: October 26, 2020                     Respectfully Submitted,

**CAELYN T. CANACE**

*/s/ Caelyn T. Canace*
Caelyn T. Canace, Esq.
1701 Avenue P
Brooklyn, NY 11229
Tel.: (646) 455-1011
Fax: (646) 676-4002
canacelawfirm@gmail.com
*Counsel for Plaintiff*